IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY WINTERS, | : |
|       Petitioner, | : |
| v. | :   Civ. Act. No. 04-1361-JJF |
| RAPHAEL WILLIAMS, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | : |
|       Respondents. | : |

Joseph M. Bernstein, Esquire.  Attorney for Petitioner.

Loren C. Meyers, Chief of the Appeals Division, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

**MEMORANDUM OPINION**

June 27, 2006
Wilmington, Delaware

Farnan, Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Larry Winters. (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I. FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of July 23, 2003, Officer Donovan Delaney of the New Castle County police was on routine patrol in Canby Park. He saw a car parked in a secluded wooded area down a dirt path approximately thirty yards from the paved road. Suspicious, Officer Delaney left his car and walked down the path to investigate. He could not see inside the car due to the darkly tinted windows, and he tapped on the passenger side door. The occupant of the car rolled the window down. Looking inside, Officer Delaney saw a young girl in the passenger seat and an older man behind the steering wheel. The officer asked the occupants their ages. The girl ("C.W.") replied that she was seventeen, and the man replied that he was fifty-three. Officer Delaney then asked the driver, who turned out to be Petitioner, to step out of the car. As Officer Delaney started to walk away from the passenger side of the car C.W. said, "He's trying to do it to me."

1

Officer Delaney had called for assistance before approaching the car, and Officer David Cole arrived a few moments later. Officer Cole questioned C.W., and she told him that she had been walking on Adams Street in Wilmington when she was approached by Petitioner in his car. Petitioner asked her to get into the car, and when she refused, he opened the passenger door, forced her in, and drove to the park. Officer Cole asked C.W. no further questions.

Both Petitioner and C.W. were taken to the county police headquarters for additional questioning. There, C.W. admitted to a detective that she was actually fifteen years old, not seventeen years old, and that Petitioner had offered her money in exchange for sex, which she refused. (D.I. 9, State's Ans. Br. in Winters v. State, No.181,2004, at 8.)

In August 2003, the grand jury issued a two-count indictment charging Petitioner with sexual solicitation of a child and possession of drug paraphernalia. A jury trial was held in the Delaware Superior Court. At trial, C.W. testified that she was walking along the street when she heard someone call out, and Petitioner pulled up beside her in his car. She and Petitioner, with whom she was unacquainted, held a brief conversation, and she accepted a ride to her nearby destination. Instead, Petitioner drove to Canby Park and stopped in the secluded location where Officer Delaney later discovered them. Petitioner

2

asked C.W. how old she was, and she replied that she was seventeen. When asked why she lied to Petitioner, C.W. replied:

> Because, like, when people always ask me my age, I always be like, I'm 17. They always be like, you look like you're 12, and I'm like, No, I'm 17.

While stroking C.W.'s face and legs, Petitioner offered C.W. a couple of dollars to engage in sexual activity, but she refused his advances. The police then arrived. (D.I. 9, App. to Appellant's Op. Br. in <u>Winters v. State</u>, No. 181, 2004, at Exh. A-18 to A-19.)

Prior to jury deliberations, the Superior Court instructed the jury on the charge of sexual solicitation as follows:

> In order to find the defendant guilty of sexual solicitation of a child, you must find that all of the following elements have been established beyond a reasonable doubt:
>
> (1) the defendant requested a child, not yet 16 years of age at the time of the offense, to engage in a prohibited sexual act;
>
> (2) the defendant was 18 years of age or older at the time of the offense; and
>
> (3) the defendant acted intentionally or knowingly.

(D.I. 11, at 4.) The trial court also instructed the jury, in accordance with Del. Code Ann. tit. 11, § 762, that "it is no defense that the defendant did not know the [victim's] age, or that the defendant reasonably believed that the [victim] had reached her 16th birthday." <u>Id.</u> The defense did not make any objection to either of the above instructions. The jury convicted Petitioner of sexual solicitation of a child, but

acquitted him of the drug paraphernalia charge.

In April 2004, the Superior Court sentenced Petitioner to five years imprisonment at Level V, suspended after one year imprisonment for four years probation at Level III. The Delaware Supreme Court affirmed Petitioner's conviction and sentence. Winters v. State, 858 A.2d 961 (Table), 2004 WL 2050311 (Del. Sept. 8, 2004).

**II.  APPLICABLE LEGAL PRINCIPLES**

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). However, if the petitioner exhausted state remedies, but the highest state court "clearly and expressly" refused to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally

defaulted.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank,

266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

### III. DISCUSSION

In Delaware, a defendant's failure to raise an objection at trial constitutes a waiver of the issue on direct appeal. Del. Super. Ct. R. 30; Del. Sup. Ct. R. 8; Goddard v. State, 382 A.2d 238, 242 (Del. 1977). Pursuant to Delaware Supreme Court Rule 8[1] and Delaware case law, the Delaware Supreme Court is barred from reviewing such waived issues unless the appellant establishes that the trial court committed plain error. If the error is plain, the Delaware Supreme Court will review the merits of the waived claim. Del. Sup. Ct. R. 8; Jackson v. State, 600

---

[1] Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."

A.2d 21, 23 (Del. 1991); Mason v. State, 658 A.2d 994, 996 (Del. 1995); Del. Sup. Ct. R. 8; Cooper v. State, 679 A.2d 469 (Table), 1996 WL 313501, at **2 (Del. 1996); Goddard v. State, 382 A.2d 238, 242 (Del. 1977). Plain error is "error so clearly prejudicial to substantial rights so as to jeopardize the fairness and integrity of the trial process . . . [and is a] material defect which [is] apparent on the face of the record [and is] basic, serious, and fundamental . . . ." Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986). This Court has consistently held that the Delaware Supreme Court's express application of the plain error standard of review constitutes an independent and adequate state procedural ground barring federal habeas review absent a showing of cause and prejudice. See Johnson v. Carroll, 327 F. Supp. 2d 386, 393-94 (D. Del. 2004)(collecting cases).

In his sole habeas claim, Petitioner asserts that the United States Supreme Court's decision in United States v. X-Citement Video, Inc., 513 U.S. 64 (1994) renders Delaware's sexual solicitation statute unconstitutional because the statute lacks a scienter requirement as to the element of the victim's age. Petitioner presented the same claim to the Delaware Supreme Court on direct appeal, and he also argued that, due to the unconstitutionality of the solicitation statute, the Delaware Superior Court erred in failing to instruct the jury that the

State had to prove Petitioner's scienter with respect to the victim's age.

Both parties agree that Petitioner exhausted state remedies. Both parties also agree that Petitioner failed to raise this issue or object to the relevant jury instruction during his trial, and therefore, Petitioner properly presented the issue to the Delaware Supreme Court for review under the plain error standard. However, the parties disagree with respect to how the Delaware Supreme Court actually reviewed the claim. Respondents contend the Delaware Supreme Court enforced Petitioner's default by reviewing the claim only for plain error, and therefore, federal habeas review is barred absent a showing of cause and prejudice. In contrast, Petitioner contends that the Delaware Supreme Court ignored his procedural default and reviewed the claim's full merits under the "interests of justice exception" to the plain error standard contained in Delaware Supreme Court Rule 8, as evidenced by the Delaware Supreme Court's failure to expressly cite to Rule 8. Accordingly, Petitioner asserts that the Court is not precluded from reviewing the instant claim.

In light of the parties' respective positions, the initial issue for the Court to determine is whether the Delaware Supreme Court's opinion contains an unambiguous or "plain statement" under <u>Harris v. Reed</u> that it enforced Petitioner's procedural default. <u>Harris,</u> 489 U.S. at 260-64; <u>see, e.g., Villot v.</u>

Varner, 373 F.3d 327, 336 (3d Cir. 2004)(explaining that "[i]f the state court does not actually enforce the procedural rule in question," the petitioner's procedural default in state court does not preclude federal habeas review). In Petitioner's case, the Delaware Supreme Court began its analysis by explaining that the plain error standard requires the "defect complained of [to] be so prejudicial to substantial rights that it jeopardizes the fairness and integrity of the trial process." Winters, 2004 WL 2050311, at *1 (internal citations omitted). The state court then went on to explain that "an error is plain if it is so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." Id. Finally, citing to Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986), the state court explained that "[c]laims of error implicating constitutional rights of a defendant are reviewable not withstanding their nonassertion at trial." Winters, 2004 WL 2050311, at *1.

Based on the Delaware Supreme Court's extensive discussion of the plain error standard, the Court does not agree with Petitioner's argument that the failure of the Delaware Supreme Court to cite Rule 8 indicates that the court ignored his procedural default. As noted by the United States Supreme Court, "[w]e encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon

9

which their judgments rest, **but we will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim.**" Coleman, 501 U.S. at 738-39 (emphasis added).  By thoroughly explaining the plain error standard and engaging in a limited discussion of Petitioner's X-Citement Video argument immediately thereafter, the Delaware Supreme Court "plainly stated" that the claim should be reviewed under the plain error standard.  In these circumstances, the Court concludes that the absence of an express citation to Rule 8 is not determinative as to whether or not the Delaware Supreme Court reviewed the claim under the plain error standard.

Petitioner also contends that the Delaware Supreme Court only rejected his argument after engaging in a full merits analysis of his claim, and therefore, the state court waived his procedural default.  However, courts applying the plain error standard of review have recognized that some discussion of the merits of claim is necessary to the plain error analysis, and that this type of limited discussion is not the equivalent of a merits review.  Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001) (recognizing a state court's "plain error review as the enforcement of a procedural default"); Scott v. Mitchell, 209 F.3d 854, 866-67 (6th Cir. 2000) (stating that "plain error analysis is more properly viewed as a court's right to overlook

10

procedural defects to prevent manifest injustice, but is not the equivalent to a review of the merits"); see also Miranda v. Leibach, 394 F.3d 984, 992 (7th Cir. 2005). In this regard, the Seventh Circuit has explained:

> In a similar vein, the Supreme Court recently has explained that, even if the state court's review in applying a procedural rule is "entangled" with the merits, that "entanglement" is not sufficient to compromise the procedural default. Rather, the state court's holding must depend[] on a federal constitutional holding in order to open it up for habeas review. Although a state court's review of whether an error is "plain" often entails at least limited review of the merits, that limited review is at most entangled with the merits and certainly not dependent on the merits.

Rodriguez v. McAdory, 318 F.3d 733, 736 (7th Cir. 2003)(internal citations omitted).

Reviewing the Delaware Supreme Court's analysis in light of these principles, the Court concludes that the Delaware Supreme Court engaged in only a limited analysis of Petitioner's claim so as to determine if the error alleged by Petitioner constituted a plain or "material defect [] apparent on the face of the record." Wainwright, 504 A.2d at 1100. For example, the Delaware Supreme Court determined, in a cursory manner, that the factual circumstances in Petitioner's case differed significantly from the factual scenario in X-Citement Video that the First Amendment principles articulated in X-Citement Video "simply" did not apply, and that Petitioner's reliance on X-Citement Video was "misplaced." Winters, 2004 WL 2050311, at**2. In the Court's

11

view, these statements demonstrate that the Delaware Supreme Court did not invoke what Petitioner terms "the interests of justice" exception to Rule 8. In other words, the Delaware Supreme Court did not view Petitioner's claim as requiring a full merits review. Accordingly, the Court concludes that, for the purposes of federal habeas review, Petitioner's claim is procedurally defaulted.[2]

Having concluded that Petitioner's claim is procedurally defaulted, the Court must determine whether Petitioner has established cause and prejudice or a miscarriage of justice such that a full review of the merits of his claim is warranted. Petitioner does not allege any cause for his failure to raise the instant claim during his trial. In the absence of cause, the Court will not address the issue of prejudice. Further, because Petitioner has not presented new reliable evidence regarding his actual innocence, the Court concludes that review of Petitioner's claim is not necessary to prevent a miscarriage of justice. Accordingly, the Court will deny the Petition as procedurally barred.

---

[2] In reaching this conclusion, the Court notes that it would be inclined to review Petitioner's claim substantively; however, the Court's review is constrained by the manner in which the Delaware Supreme Court reviewed Petitioner's claim. Because the Delaware Supreme Court engaged in a plain error review of Petitioner's claim, the Court's review of Petitioner's claim is limited to the procedural default analysis.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 does not warrant relief.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be dismissed and the relief requested therein will be denied.

An appropriate Order will be entered.